RINKE *v.* WASHINGTON.

Opinion delivered March 29, 1926.

DRAINS—ENFORCEMENT OF TAX LIEN—VALIDITY OF SALE.—As the
collection of taxes in the Fourche Drainage District was gov-
erned by the general law for the enforcement of liens, the owner
of a delinquent lot should have been made a party to the pro-
ceeding, and a suit *in rem* against the lot was unauthorized, and
a sale thereunder was void.

Appeal from Pulaski Chancery Court; *John E. Mar-
tineau,* Chancellor; affirmed.

*Ben F. Reinberger,* for appellant.

*June P. Wooten,* for appellee.

HUMPHREYS, J.   This is an appeal from a decree set-
ting aside a sale of the east ninety feet of lot 9, block 19,
Worthen & Brown's Addition to the city of Little Rock,
Arkansas, for the nonpayment of an assessment of three
cents levied by the receiver of Fourche Drainage District,
and to cancel a commissioner's deed made pursuant
thereto.   The decree was rendered in a direct proceeding
attacking the validity of the sale, which was instituted in
the chancery court of Pulaski County by appellee, the
owner of said lot, against a purchaser thereof, upon the
alleged ground that same was made without notice to
or knowledge of said appellee.   The Fourche Drainage
District was created under act 420, approved May 28,
1907, and the supplementary act thereto approved May 6,
1909.   These creative acts were expressly repealed by §
1 of act 127, approved May 3, 1913.   Section 2 of the
repealing act is as follows:

"Jurisdiction is hereby conferred on the Pulaski
Chancery Court to wind up the affairs of said district,
and to that end all persons having claims against the dis-
trict are required to present the same to said court for
adjudication within three months after the passage of
this act.   Said court shall adjudicate said claims, and
shall appoint its receiver to collect upon the assessment
of benefits heretofore made a sum sufficient to pay all
claims found to be due, the tax necessary for the payment

thereof to be divided into five installments as near equal as possible.''

E. L. McHaney was appointed receiver for the district under the section quoted above, who made an assessment against the lands in the district, the assessment against the lot in question being three cents. He then followed the procedure in act 420 of Acts 1907, in the condemnation and sale of the lots for the payment of the tax assessed against it with a penalty for the nonpayment of same and an attorney's fee for enforcing the collection thereof. The proceeding was *in rem* upon notice by publication in a suit styled *E. L. McHaney* v. *Delinquent Lands*. After the expiration of the time for redemption, the commissioner of the court executed a deed to appellant for the lot, and this suit followed.

The proceeding against the lot by publication was void, as the old act authorizing such a proceeding had been repealed by § 1 of act 127, Acts 1913. Act 127, Acts 1913, provided no method for enforcing the lien, so the general law governed. In order to enforce the lien under the general law, the owner of the lot, appellee or his grantor, should have been made a party to the proceeding, and summoned in the manner required by law. This was not done. On the contrary, an unauthorized proceeding *in rem* was adopted. For this reason the sale of the lot and the deed made pursuant thereto was void.

The decree is therefore affirmed.