## In re FLORENCE COMMERCIAL CO.

### TRUMAN, County Treasurer of Pinal County, Ariz., et al. v. THALHEIMER.

Circuit Court of Appeals, Ninth Circuit.
May 23, 1927.

No. 5048.

Bankruptcy ⟛288(5)—Court has jurisdiction to summarily determine amount and validity of taxes claimed from bankrupt though officers are in possession of property seized (Bankruptcy Act, § 64a [Comp. St. § 9648]).

The jurisdiction given courts of bankruptcy by Bankruptcy Act, § 64a (Comp. St. § 9648), to determine any question arising as to the amount or validity of any tax due from a bankrupt, and which they are required to order paid, is not affected by the fact that property of a bankrupt was seized by tax officers before the bankruptcy and was then in their possession, but on petition of the trustee the court may properly require them to file an itemized statement of their claim and meantime may restrain sale of the property by them.

Appeal from the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

In the matter of the Florence Commercial Company, bankrupt; Walter J. Thalheimer, Trustee. George E. Truman, County Treasurer of Pinal County, Ariz., and others, appeal from an order of the District Court. Affirmed.

Andrew R. Lynch, Sp. Counsel, Dept. of Atty. Gen., and Ernest W. McFarland, Co. Atty., of Florence, Ariz., for appellants.

Henderson Stockton, Allan K. Perry, and Joseph E. Noble, all of Phœnix, Ariz., for appellee.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. On October 24, 1926, the appellant George E. Truman, county treasurer of Pinal county, Ariz., acting in pursuance of the statutes of that state, seized a stock of merchandise of the Florence Commercial Company, for the purpose of enforcing tax claims of his county for the years 1921 to 1926, inclusive, aggregating $9,139.34. Upon its own petition, filed five days later, the Florence Commercial Company was adjudged a bankrupt, and in due time the appellee, Walter J. Thalheimer, was made trustee. Seasonably, after his qualification, the trustee filed a petition in the bankruptcy court, in which, after exhibiting the facts upon which he relied, he prayed for a show cause order, bringing in the county treasurer and other co-operating officers of the county and state, to the end that, upon a hearing, the validity and the amount of the tax claims might be determined, and the trustee be authorized to sell the property free from liens. There was also a prayer that, pending the controversy, the defendants be restrained from selling or otherwise disposing of the property. Appearing, the defendants filed "a special answer" in the nature of a plea to jurisdiction, which, upon consideration, the court denied; and an order was entered restraining them from proceeding with the threatened sale pending a "hearing and a determination of the petition for sale free and clear of liens, and of the petition for order fixing and determining the amount of taxes due," and the extent of liens on account thereof. The county officers were directed to file with the referee a detailed statement of the county's tax claims; and the question whether or not the property should be sold free from liens, as well as questions of the amount and validity of the claims, was referred to the referee "for the purpose of proceeding in said matters to hear and determine the issues raised, and to otherwise proceed as provided by law. * * *" From this order the defendants have appealed.

The legitimate scope of our review is within narrow compass. As will be observed, there was, in fact, no order directing the property to be sold free from liens, and hence we need not consider the court's competency to make such an order. Besides, it would now be purely a moot question, for the litigants have voluntarily caused the property to be sold, and, by agreement, such liens, if any, as the county had, were transferred to the proceeds of the sale, which are held on deposit pending the adjudication of the county's rights therein.

Nor, if it be assumed that, under the circumstances stated, there was jurisdiction to hear and determine questions of the amount and legality of the tax claims, is it seriously contended that the court abused its discretion in restraining a sale of the property pending such determination? Under well-settled principles the temporary injunction would seem to have been highly appropriate.

Concisely stated, appellants' real contention is that, in view of the county treasurer's actual possession of the merchandise when the bankruptcy proceedings were instituted, the trustee's only remedy was a plenary suit, and that the bankruptcy court was wholly without jurisdiction in the premises to grant either ultimate or intermediate relief. True, as a general rule, summary proceedings in bankruptcy courts are restricted to cases where the trustee is in possession, either actual or constructive, of the adversely claimed property, or where the adverse claimant submits to the jurisdiction. But in the Bankruptcy Act (section 64 [a]) we find the mandatory requirement that "the court shall order the trustee to pay all taxes legally due and owing by the bankrupt * * * in advance of the payment of dividends to creditors, * * * and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court." Comp. St. § 9648.

It is not controverted that the "court" here referred to is the bankruptcy court, and that the hearing and determination provided for are to be had, not in a plenary suit, but in a summary proceeding such as we are considering. That Congress has the power to confer the requisite jurisdiction upon the bankruptcy court is not open to doubt. In re Wood, 210 U. S. 246, 28 S. Ct. 621, 52 L. Ed. 1046. Has it exercised that power? In effect, if not in terms, appellants argue that the section ceases to be operative or is inapplicable where, as here, the tax-collecting agency, in proceedings to force payment, acquires possession of the taxed property prior to bankruptcy. But this view cannot be taken without reading into the general language an unexpressed exception, inconsistent with both its letter and its spirit. Taxes are to be paid with certainty and promptness, and dividends to creditors are to be withheld until such payment is accomplished. Hence, in all cases, there are substantial reasons for an adequate but at the same time simple and direct mode of adjudicating tax claims. And, if any distinction is to be made, plainly such reasons are likely to be more cogent where there has been a seizure and threatened sale of the property.

It is suggested that the trustee may pro-

tect the estate against serious loss and avoid delay by paying the disputed tax under protest, and seeking recovery thereof in an action at law. But, if we assume that under the Arizona statutes such a course is open to the ordinary taxpayer, it is not available to a trustee in bankruptcy, for under the provisions of the Bankruptcy Act the court is required to order, and the trustee is authorized to make, payment of only such taxes as are "legally due and owing by the bankrupt." But, however that may be, the fact that the trustee might not be left entirely helpless would not warrant us in denying him, under the guise of construction, an important remedy which Congress plainly intended he should have.

Nor are we inclined to the narrow view that, while there may be jurisdiction to determine the amount of the tax, it does not extend to the incidental matter of the tax lien. The bankruptcy court is to see to it that the estate fully discharges all legal obligations in respect of taxes; and accordingly it is invested with power to decide all questions incidental to the performance of that duty.

There is no substantial ground for criticism of that part of the order appealed from which requires the tax-collecting officer to exhibit to the referee a detailed statement of the tax claims. This is no more than any taxpayer has the right to demand, and, indeed, demand should be unnecessary; a request should be sufficient. The cases cited by appellants, of which In re Kallak (D. C.) 147 F. 276, is perhaps the most favorable to their position, are only to the effect that the tax collector cannot rightfully be put on a footing with general creditors, or be compelled to file the formal claim required of them. The order here made no such requirement.

No error appearing, the order appealed from is affirmed, with costs to appellee.