### BOARD OF DIRECTORS ST. FRANCIS LEVEE DIST. et al. v. KURN et al.*

No. 10824.

Circuit Court of Appeals, Eighth Circuit.

June 28, 1937.

Charles T. Coleman, of Little Rock, Ark. (Burk Mann, of Forrest City, Ark., and Walter G. Riddick, of Little Rock, Ark., on the brief), for appellants.

Edward P. Russell, of Memphis, Tenn. (E. L. Westbrooke, of Jonesboro, Ark., A. P. Stewart, of St. Louis, Mo., John W. Murphy, of Huntingdon, Tenn.; J. W. Jamison, of St. Louis, Mo., and Canada & Russell, of Memphis, Tenn., on the brief), for appellees.

Before WOODROUGH, THOMAS, and FARIS, Circuit Judges.

WOODROUGH, Circuit Judge.

The plaintiffs in this case are the trustees in debtor proceedings under section 77 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 205, of the St. Louis and San Francisco Railway Company, having been duly appointed by the federal District Court in Missouri where the proceedings are pending. The railway company is the owner of certain real property and appurtenances situate in six counties in Arkansas, now in the possession and control of the trustees, upon which levee taxes have been assessed and levied by the St. Francis Levee District for the year 1935, (subsequent to the appointment of the trustees), and this suit in equity was brought by the trustees of the railway company to enjoin the levee district and its officers from collecting the taxes. The general nature of the levee taxes and manner of their assessment appear from the opinions of the District Court and this court in former litigation between the railway company and the levee district concerning such taxes for other years. St. Louis-San Francisco Ry. Co. v. Board of Directors of St. Francis Levee Dist. (D.C.) 2 F.Supp. 38; Board of Directors of St. Francis Levee Dist. v. St. Louis-San Francisco Ry. Co. (C.C.A.) 74 F.(2d) 183. The trustees are citizens of Missouri, more than the jurisdictional amount is involved, and it was alleged in the bill that the taxes were discriminatory, confiscatory, and void and that the trustees had no adequate remedy at law. After the bill was filed and issue had been joined, but before any hearing had been had, the St. Francis Levee District commenced six suits in the state courts in the several counties where the lands were situate, seeking to enforce collection of the levee taxes. The statutes of Arkansas contemplate that collection of the levee taxes may be enforced through suits in chancery and the six suits were brought under and in conformity to the statutes. Acts of Arkansas 1893, No. 19, p. 24, as amended, Acts 1903, No. 61, p. 103; Acts of 1909, Act No. 262, p. 783; Acts of 1917, No. 272, p. 1148. The prayer in each case was that a first and paramount lien

be awarded against the lands for the levee taxes, interest, penalties, attorneys' fees, and costs, and that the lien be foreclosed and the lands sold to satisfy the same.

Upon the commencement of the six suits by the levee district the District Court in Missouri, where the proceedings for the reorganization of the railroad were pending, ordered the trustees to apply to the federal District Court in Arkansas for a restraining order and interlocutory injunction to enjoin the prosecution of the six suits in the Arkansas courts. The trustees made their application to the federal District Court in Arkansas and were awarded such a restraining order, and thereafter a hearing was had upon their petition for an interlocutory injunction. Upon such hearing the restraining order was dissolved and the court granted an interlocutory injunction enjoining the prosecution of the six suits to collect the 1935 levee taxes which were then pending, or any other suits for such purpose until the final hearing.

The defendants in the suit have prosecuted this appeal to reverse the order granting interlocutory injunction (28 U.S.C.A. § 227) and have contended that: (1) The interlocutory injunction was prohibited by section 265 of the Judicial Code (28 U.S.C.A. § 379); and (2) that the interlocutory injunction was improvidently granted.

[redacted] We think it clear that the interlocutory injunction was not prohibited by section 265 of the Judicial Code (28 U.S.C.A. 379) but that the case comes within the exception of that statute. Although the section prohibits the granting of injunctions by the courts of the United States to stay proceedings in any court of a state, it specifically excepts "cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." By reason of the proceedings under section 77 of the Bankruptcy Act, as amended, and the appointment and qualification of the trustees for the railway company, the District Court in Missouri acquired exclusive jurisdiction of all of the property of the railway company wherever situate, and the possession of the Arkansas property by the trustees made the custody of the court of bankruptcy complete. When such custody and control over the property was taken by the bankruptcy court the property was thereby withdrawn from the jurisdiction of other courts. It was the duty of the bankruptcy court to protect its jurisdiction from interference, and the Bankruptcy Act, in plain terms, authorized the court to enjoin judicial proceedings to enforce any lien upon the property. Section 205 (j), 11 U.S.C.A. reads, in relevant part: "In addition to the provisions of section 29 of this title for the staying of pending suits against the debtor, the judge may enjoin or stay the commencement or continuation of suits against the debtor until after final decree; and may, upon notice and for cause shown, enjoin or stay the commencement or continuance of any judicial proceeding to enforce any lien upon the estate until after final decree."

Nor is it material that the property upon which the levee district sought to enforce its tax liens through the six suits in question was not located in the Missouri district, where the bankruptcy proceedings originated, but in Arkansas.

"The injunction to protect its possession may issue either from the court of original jurisdiction or from the federal court for the district in which the state court suit is brought or in which the plaintiff in that suit resides." Ex parte Baldwin, 291 U.S. 610, 54 S.Ct. 551, 553, 78 L.Ed. 1020; Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645.

[redacted] 2. The interlocutory injunction was not improvidently granted. The six suits brought by the levee district were "judicial proceedings to enforce liens upon the estate" of the debtor within the language of section 205 (j), and the section authorized the bankruptcy court to "enjoin or stay" their continuance. We find no merit in the contention that the six suits should be deemed to be suits in personam. Acts of Arkansas 1893, No. 19, p. 24, as amended, Acts 1903, No. 61, p. 103; Acts of 1909, No. 262, p. 783; Acts of 1917, No. 272, p. 1148; Jonesboro, L. C. & E. R. R. Co. v. Board of St. Francis Levee Dist. Directors, 80 Ark. 316, 97 S.W. 281; St. Louis S. W. Ry. Co. v. Board of Red River Levee Dist. Directors, 81 Ark. 562, 99 S.W. 843; Memphis Land & Timber Co. v. St. Francis Levee Dist., 64 Ark. 258, 42 S.W. 763; Board of St. Francis Levee Dist. Directors v. Fleming, 93 Ark. 490, 125 S.W. 132, 659; Crittenden Lumber Co. v. McDougal, 101 Ark. 390, 142 S.W. 836; Beck v. Anderson-Tully Co., 113 Ark. 316, 169 S.W. 246; Nelms v. Orne, 124 Ark. 219, 187 S.W. 322; Brinkley v. Halliburton, 129 Ark.

334, 196 S.W. 118, 1 A.L.R. 1225; Security Mortgage Co. v. Herron, 174 Ark. 698, 296 S.W. 363; Miller v. Coleman (Ark.) 96 S.W.(2d) 449.

As the effect of the prosecution of the six suits by the levee district to final decree and sale of the lands would be to divest the debtor railroad of the property, it was the duty of the bankruptcy court to issue its injunction against the prosecution of such suits.

Although the Arkansas statutes contemplate that the only method to enforce collection of the levee taxes is by suits in the chancery courts of the state, such as have been brought by the levee district, the power of the bankruptcy court to determine all questions respecting the property in its possession is paramount. "Realization upon the lien created by the state law must yield to the requirements of bankruptcy administration." Van Huffel v. Harkelrode, Treasurer, 284 U.S. 225, 52 S.Ct. 115, 116, 76 L.Ed. 256, 78 A.L.R. 453. The question of the amount and validity of the levee tax lien must be submitted to the bankruptcy court and settled by it. Ex parte Baldwin, supra; In re Tyler, 149 U.S. 164, 13 S. Ct. 785, 37 L.Ed. 689.

Contentions are made and argued at length in the brief of appellant concerning the merits of the bill in equity which seeks to permanently enjoin collection of the levee taxes on the ground of their invalidity, but we find it unnecessary to discuss them. We think it clear that the bankruptcy statute fully empowered the District Court to issue the interlocutory injunction appealed from and that there was no error. The order is affirmed.