## In re FUOCO.

District Court, D. New Jersey.

March 2, 1938.

Donald M. Waesche, of Hackensack, N. J., for appellant City of Hackensack.

McDermott, Enright & Carpenter, of Jersey City, N. J. (Carl S. Kuebler, of Jersey City, N. J., of counsel), for appellee Emanuel Weitz.

FAKE, District Judge.

Upon a study of the briefs filed in the above-entitled cause and a careful reading of the opinion in Re Gould Mfg. Co., D.C., 11 F.Supp. 644, as compared with the opinions in New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284, and City of Springfield v. Hotel Charles Co., 1 Cir., 84

F.2d 589, I am of the opinion that this court had jurisdiction under section 64a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 104(a), to consider and decide whether taxes assessed against the real estate of the bankrupt were "in excess of the value of the interest of the bankrupt estate therein," and, if excessive, to reduce the same. This conclusion is further strengthened by the language of Mr. Justice Roberts in Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 272, 75 L.Ed. 645, wherein he says: "Thus, while valid liens existing at the time of the commencement of a bankruptcy proceeding are preserved, it is solely within the power of a court of bankruptcy to ascertain their validity and amount and to decree the method of their liquidation."

The point is made that section 64a of the Bankruptcy Act applies only to property of the bankrupt and the title to the premises in question was not in the bankrupt but vested in the trustee at the time these taxes were levied. While it is true that the title was vested in the trustee (see Isaacs v. Hobbs Tie & Timber Co., supra), it was held in Henderson County, N. C., v. Wilkins, 4 Cir., 43 F.2d 670, that, although the title was so held when the taxes were levied, it was for the bankruptcy court to ascertain the true value thereof and to pay taxes on that value only. Judge Parker points out in the opinion that this is not a review of the action of the taxing authorities but a determination under the Bankruptcy Act as to how much should be paid on the claim for taxes from the assets held by the trustee.

The referee had ample evidence properly before him upon which to reach the conclusion he did. An order will be entered sustaining his conclusions.