**BOARD OF DIRECTORS OF ST. FRAN-
CIS LEVEE DIST. v. KURN et al. ***
Nos. 11063, 11077.

Circuit Court of Appeals, Eighth Circuit.
July 19, 1938.

*Writ of certiorari denied 59 S.Ct. 153, 83 L.Ed. ——.

Walter G. Riddick, of Little Rock, Ark. (Burk Mann, of Forrest City, Ark., and Charles T. Coleman, of Little Rock, Ark., on the brief), for appellant.

J. W. Canada, of Memphis, Tenn. (E. L. Westbrooke, of Jonesboro, Ark., A. P. Stewart, of St. Louis, Mo., John W. Murphy, of Huntingdon, Tenn., Canada & Russell, of Memphis, Tenn., and J. W. Jamison, of St. Louis, Mo., on the brief), for appellees.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

The St. Louis-San Francisco Railway Company (debtor) is in reorganization proceedings under section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, pending in the United States District Court for the Eastern District of Missouri. It is the owner and in possession through its trustees of certain real property and appurtenances situate in six counties in Arkansas, upon which property levee taxes were assessed and levied by the St. Francis Levee District for the year 1935 (subsequent to the appointment of the trustees). A suit in equity was brought by the trustees of the railway company in the District Court of the United States for the Eastern District of Arkansas to enjoin the levee district and its officers from collecting the said taxes on the ground that the taxes were discriminatory, confiscatory and void. After the bill was filed and issue had been joined, but before any hearing had been had, the St. Francis Levee District commenced six suits in the state courts in the several counties where the lands are situate, seeking to enforce collection of the levee taxes for the year 1935, and praying that a first and paramount lien be awarded against the lands for the levee taxes, interest penalties, attorney's fees and costs, and that the lien be foreclosed and that the lands be sold to satisfy the same. The trustees of the railway company being duly authorized and directed by the bankruptcy court where the proceedings in reorganization were pending, applied to the federal District Court in Arkansas for an interlocutory injunction to enjoin the prosecution of the six suits in the Arkansas courts. The interlocutory injunction was allowed and the Board of Directors of the levee district appealed to this court. On consideration of the appeal this court affirmed the decree of the District Court (91 F.2d 118), and thereafter certiorari was applied for and denied by the Supreme Court. 302 U.S. 750, 58 S.Ct. 272, 82 L.Ed. ——.

Before the Supreme Court had acted upon the application for certiorari the next year's levee taxes (1936) similarly levied and assessed against the same lands accrued, and six other suits were brought thereon in the state courts on behalf of

the levee district. Some of the suits are pending and some having been removed to the federal court were dismissed. In November, 1937, shortly before the 1937 levee taxes became delinquent, the trustees of the railway company applied to the bankruptcy court in Missouri for instructions and petitioned the court to issue its order upon the levee district board, directing it to present its claims for the 1935, 1936 and 1937 levee taxes to the Bankruptcy Court in Missouri within a reasonable time or to be forever barred. The Bankruptcy Court directed the board to show cause why such an order should not be entered. The board entered a special appearance, objecting that it was not suable except at its domicile and that it was not subject to the process of the Court of Bankruptcy or the summary jurisdiction of said court; that the suits in the state courts concerning the levee taxes would not interfere with the jurisdiction of the Bankruptcy Court, "the decision of the Eighth Circuit Court of Appeals to the contrary notwithstanding"; that the Board's petition for certiorari was still pending before the United States Supreme Court and that since "In said proceedings for certiorari every question arising for decision in the present proceedings before this court is brought before the Supreme Court of the United States for final determination and review", the proceedings in the Bankruptcy Court should be continued. The Board insisted upon its right to maintain the actions in the state court and alleged that the Act of Congress, 28 U.S.C.A. § 41(1), August 21, 1937, deprived the District Court of the United States of jurisdiction to restrain the collection of the taxes because an adequate remedy existed in the courts of the state.

After the Supreme Court of the United States had denied the certiorari applied for by the Board, the Bankruptcy Court entered its order of preliminary injunction and enjoined the Board from proceeding in the state courts for the collection of the levee taxes. It ordered the Board to submit its levee tax claims for 1935, 1936 and 1937 to the Bankruptcy Court within 60 days or be barred. The court included in the order a provision that "Upon the filing of such claims for taxes as aforesaid, the Trustees are hereby instructed promptly to file their exceptions to the same to the end that the legality of said taxes and the amount thereof may be promptly settled and determined by this Court." From the order of the Bankruptcy Court these appeals have been duly taken by the Board.

Upon the former appeal taken to this court by the trustees of the railway company, we carefully considered the question whether the Board's suits in the state courts concerning the levee taxes assessed against the railway properties could be construed under the statutes and decisions of the Supreme Court of Arkansas to be suits in personam against the trustees rather than suits in rem against the property of the debtor railroad. We were of the opinion that there was "no merit in the contention that the six suits should be deemed to be suits in personam." We quoted from Van Huffel v. Harkelrode, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256, 78 A.L.R. 453, "Realization upon the lien created by the state law must yield to the requirements of bankruptcy administration,". and announced our holding that "The question of the amount and validity of the levee tax lien must be submitted to the bankruptcy court and settled by it. Ex parte Baldwin, 291 U.S. 610 [54 S.Ct. 551, 78 L.Ed. 1020]; In re Tyler, 149 U.S. 164 [13 S.Ct. 785, 37 L.Ed. 689]." 91 F. 2d 118, 119, 120. We find no subsequent decisions of the Arkansas Supreme Court or of the Supreme Court of the United States to modify our conclusions, nor are any cited to us by counsel.

The return made by the Board of Directors of the Levee District shows that in its six suits concerning the 1936 taxes, and in the suits which it proposes to bring for future taxes, there is and will be no prayer to have a tax lien impressed upon the property or for a foreclosure or sale. They make return that the prayer in all of the later suits is and will be simply that the amount of taxes owing be determined. Substantially the same situation was presented to and considered by this court on the appeal taken by the trustees. 91 F.2d 118, 120, 121. It was there insisted that no relief would be asked in the state suits by the Board of Directors except a determination of the amount of the taxes. But it was evident that the Board had proceeded and intended to proceed under the Arkansas statute (Act 19, p. 31, Acts of Arkansas 1893, § 11) which empowered it to "enforce the collection [of assessments] by chancery proceedings in the courts of the county in which said lands are situ-

ated." A district must collect taxes in the manner provided by the acts creating it. Miller v. Coleman, 192 Ark. 932, 96 S.W. 2d 449; Cf. Rinke v. Washington, 170 Ark. 837, 281 S.W. 378. Officers of a district cannot estop the district by acts outside their authority or validly refuse to assert the district's title to lands. Board of Directors of St. Francis Levee Dist. v. Fleming, 93 Ark. 490, 125 S.W. 132, 659; Wallace v. Hill, 135 Ark. 353, 205 S.W. 699, 703; Miller v. Henry, 105 Ark. 261, 150 S.W. 700, 703, Ann.Cas.1914D, 754. The statute provided that the assessment should be a lien in the nature of a mortgage and we hold that the authorized chancery proceedings to enforce it are in rem and not in personam.

■ If our conclusions are correct, the Act of Congress, August 21, 1937, is not applicable to the situation here presented, since that act prohibits injunctions by federal courts when an adequate remedy exists in the courts of the state. It is clear that in the present case there is no such adequate remedy in the state courts while the railroad is in reorganization and the state court is without power to enforce liens upon the property within the Bankruptcy Court's exclusive jurisdiction. The pendency of the numerous suits concerning the levee taxes against the railway property necessarily obstructs and prevents orderly reorganization in the Bankruptcy Court.

■ The Supreme Court of Arkansas has held that levee districts are not political or civil divisions of the state. Drainage, levee and road districts are created by statute and have only such powers as are expressly or impliedly conferred. They are not created for political purposes or for the administration of civil government. They are quasi-public corporations, like railroads; they may be sued like other corporations and may go out of the county of their domiciles. Drainage Dist. No. 7, Poinsett County v. Hutchins, 184 Ark. 521, 42 S.W.2d 996, 1000; Drainage Dist. No. 2 v. Mercantile-Commerce Bank & Trust Co., 8 Cir., 69 F.2d 138, 140. Taxes which are valid under the statutes and Constitution must be enforced, notwithstanding re-

organization proceedings under section 77B, 11 U.S.C.A. § 207. 28 U.S.C.A. § 124 a.[1] The Bankruptcy Court should follow the procedure prescribed by the state, (State of Delaware v. Irving Trust Co., 2 Cir., 92 F.2d 17, 20) and it should adjudicate the amount and validity of the tax liens and foreclose them, just as would be done by the state courts of Arkansas in a proper case. The federal court is appropriate for such action. Commissioners of Road Imp. District of LaFayette County, Ark. v. St. Louis Southwestern R. Co., 257 U.S. 547, 42 S.Ct. 250, 66 L.Ed. 364. Where foreclosure is unnecessary to enforce payment of the taxes the Bankruptcy Court should observe the same mandate given by this court to the Bankruptcy Court in Hennepin County v. M. W. Savage Factories, 83 F.2d 453, 457,—"The court below should see to it that these taxes, in so far as they are valid liens upon the real estate, are paid by the trustees."

■ The Board questions the propriety of the bar order entered against it. It does not complain of the terms of the order or of the time allowed for return to be made, but only of the method of procedure. We think the issuance of its bar order by the Bankruptcy Court was the appropriate procedure to call upon the St. Francis Levee District to appear before the court and assert its rights by reason of its levy and assessment of levee taxes against the property then within the court's exclusive jurisdiction. New York v. Irvin Trust Co., 288 U.S. 329, 53 S.Ct. 389, 77 L.Ed. 815; Van Huffel v. Harkelrode, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256, 78 A.L.R. 453.

We see no reason to anticipate that the levee district will not be fully protected in its just claims for levee taxes by promptly presenting them for hearing and adjudication by the bankruptcy court conformable to the Arkansas laws. Dickinson v. Riley, 8 Cir., 86 F.2d 385.

The order of the Bankruptcy Court is in all respects sustained and the cause is remanded with direction to grant the levee district sufficient further time to comply with the bar order or be barred as in the order set forth.

---

[1] "Any receiver, liquidator, referee, trustee, or other officers or agents appointed by any United States court who is authorized by said court to conduct any business, or who does conduct any business, shall, from and after June 18, 1934, be subject to all State and local taxes applicable to such business the same as if such business were conducted by an individual or corporation."