## In re MISSOURI PAC. R. CO.

District Court, E. D. Missouri, E. D.
July 5, 1940.

Hill, Fitzhugh & Brizzolara and Jos. M. Hill, Sp. Counsel, all of Fort Smith, Ark., and Jack Holt, Atty. Gen., for Arkansas, and Leffel Gentry, Asst. Atty. Gen., for Arkansas, for Arkansas Corporation Commission.

J. M. Chaney, of St. Louis, Mo., for Missouri Pac. R. Co.

MOORE, District Judge.

This matter is now before the Court on a motion filed by the State of Arkansas to dismiss, on certain jurisdictional grounds as hereafter more fully stated, a petition filed by Guy A. Thompson, trustee, asking this Court to hear and determine the amount and validity of taxes assessed against the railroad properties of the trustee in the State of Arkansas for the year 1938.

The petition as filed by the trustee, on April 12, 1939, prayed for authority to pay or tender taxes to the collectors of the several counties in said State, due in the year 1939, in the aggregate sum of $622,092.88. As to the excess over that amount, or $414,728.54, making up the total tax of $1,036,821.42 resulting from the assessed value of $28,114,960, set by the Arkansas Corporation Commission upon the trustee's railroad properties in Arkansas for the year 1938 (upon which the taxes payable in 1939 are based), the petition prays that this Court hear and determine the amount and validity thereof.

The petition alleges that said assessed value of $28,114,960, as set by the Arkansas Corporation Commission, is discriminatory, in violation of Section 5, of Article XVI of the Constitution of Arkansas; greatly in excess of the fair market value of said properties, which the Arkansas statute provides shall be the basis for assessment, and would impose upon the trustee so undue and disproportionate a share of the taxes in Arkansas as to deprive the trustee of his property without due process of law, in violation of the Fourteenth Amendment of the Constitution of the United States.

Guy A. Thompson is the duly appointed, qualified and acting trustee for the Missouri Pacific Railroad Company, following the adjudication of said Company, by this Court, as a debtor, under the provisions of Section 77 · of the amended Bankruptcy Act, 11 U.S.C.A. § 205, on March 30, 1933.

The trustee appeals to this Court to hear and determine the amount and validity of the disputed tax, in accordance with the provisions of Section 64, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a.

Following the filing of said petition, and upon the return day thereof (May 19, 1939) the State of Arkansas and the Corporation Commission, together with the several interested counties, appeared by the Attorney General for the State and filed response to the trustee's petition, together with motion to dismiss said petition.

The State's motion to dismiss was not pressed at that time and the matter was, on said May 19, 1939, by this Court referred to Marion C. Early, Special Master, for report as to the facts in connection with said matter and findings of law thereon.

No report has thus far been filed by the Special Master.

While the matter was pending before the Special Master, on March 13, 1940, this motion to dismiss was filed by the State. Said motion was thereafter argued orally and briefs thereon filed by counsel for the State and for the trustee.

The motion to dismiss is based upon the following grounds:

■ 1st. That the order authorizing the trustee to pay a certain part of the taxes, resulting from the assessment made by the Arkansas Corporation Commission and to withhold the balance pending the determination by this Court of the amount and validity of the disputed tax, is in violation of Section 24(1) of the Judicial Code, as amended by the Act of May 14, 1934, 48 Stat. 775, 28 U.S.C.A. § 41(1), which deprives United States District Courts of jurisdiction to enjoin, suspend or restrain the enforcement of any order of an administrative board or commission of a State, where jurisdiction is based solely upon the ground of diversity of citizenship or the repugnance of such order to the Constitution of the United States.

In the opinion of the Court this proceeding is not subject to the prohibition of Section 24 of the Judicial Code. This is not an injunction suit, nor is jurisdiction based solely upon diversity of citizenship or repugnance of the Commission's assessment to the Constitution of the United States. The trustee invokes the jurisdiction of this Court to hear and determine the amount and validity of the disputed tax under the provisions of Section 64, sub. a, of the Bankruptcy Act. It is true that the petition alleged that the assessment is in violation of the 14th

Amendment to the Constitution of the United States, but it also alleges that said assessment is in violation of the Constitution and of the Statutes of the State of Arkansas.

The Court is of the opinion that this ground of the State's motion to dismiss is without merit.

■ 2nd. The second ground upon which the State relies in its motion to dismiss is that this Court is deprived of jurisdiction by the 1937 amendment to Section 24(1) of the Judicial Code, Act Aug. 21, 1937, 50 Stat. page 738, 28 U.S.C.A. § 41(1), that: "Notwithstanding the foregoing provisions of this paragraph, no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

As has already been remarked, this is not an injunction suit, and, furthermore, the right of appeal to the State Courts does not afford an adequate remedy in such a case as is here presented.

This precise question was passed on by the Circuit Court of Appeals for this Circuit in Board of Directors of St. Francis Levee District v. Kurn, 8 Cir., 98 F.2d 394, which involved the validity of certain Arkansas levee district taxes asserted against the trustee of a railroad under reorganization. It was therein held the Act of August 21, 1937, did not deprive the Bankruptcy Court of jurisdiction to hear and determine the amount and validity of the disputed tax under the provision of Section 64, sub. a of the Bankruptcy Act. Certiorari was denied in the case last cited, by the Supreme Court, 305 U.S. 647, 59 S.Ct. 153, 83 L.Ed. 418.

In brief filed by the State in connection with its motion to dismiss effort is made to escape the force of the Court of Appeals decision in this St. Francis Levee District case upon the ground that the claims of the Levee District, involved in that case, were not "taxes". It will be observed, however, that throughout its opinion in that case the Court of Appeals referred to these claims as "taxes" and "tax liens". And the Statute of Arkansas (Sec. 4465, Pope's Digest of Arkansas Statutes for 1937), which author-

izes the assessments against property in the district for the construction of levees, refers to these assessments as taxes.

It is true that in the present case there are not found the "numerous suits" to which the Court of Appeals refers in the St. Francis Levee District case as pending upon the levee taxes there involved. However, in the present case there exist tax liens upon the trustee's property in some 51 counties in the State of Arkansas, based upon the assessment made by the Corporation Commission. This Court must ultimately pass upon the validity of those liens and is expressly directed by Section 64, sub. a, to order the payment of all taxes legally due. And the same section commits to the Bankruptcy Court the jurisdiction to hear and determine the validity of any tax asserted against the bankrupt estate which may be in dispute.

Section 64, sub. a, in substantially the same form as same existed previously, was re-enacted by Congress in 1938, 52 Stat. page 874, 11 U.S.C.A. § 104, sub. a, in the amendment of the original Act, presumably with full knowledge of numerous court decisions, previously handed down, holding that the Bankruptcy Court shall hear and determine the amount and validity of a disputed tax. This re-enactment of the Bankruptcy Act, with certain amendments not here material, was subsequent to the amendment of Section 24 of the Judicial Code by the Act of August 21, 1937, and it is not to be presumed that Congress would direct the Bankruptcy Courts to do what they were prohibited from doing in a previous Act.

The second ground of the State's motion to dismiss is likewise without merit.

3d. The third reason asserted by the State in support of its motion to dismiss is that Section 64, sub. a, of the Bankruptcy Act does not apply to taxes accruing after the trustee acquired the property.

This precise ground for objection to the Court's jurisdiction was urged in the St. Francis Levee District case, supra. However, the Court of Appeals held therein that the Bankruptcy Court was the proper forum to hear and determine the amount and validity of taxes which in that case, as here, accrued after the trustee acquired title to the property.

This Court is concluded by the decision of the Court of Appeals for this Circuit upon this question, and this ground must likewise be ruled against the State.

4. The fourth reason urged by the State in support of its motion to dismiss is that Section 64, sub. a, of the Bankruptcy Act is no part of Section 77.

This ground must likewise be ruled against the State upon the authority of the decisions of the Court of Appeals for this Circuit in the two St. Francis Levee District cases, 91 F.2d 118, and 98 F.2d 394. Those cases involved taxes asserted against a railroad in reorganization under Section 77, and the Court of Appeals specifically held that, by reason of the provisions of Section 64, sub. a, the Bankruptcy Court in which the reorganization was pending was vested with jurisdiction to hear and determine the amount and validity of the disputed tax.

5. The fifth ground urged by the State for dismissal is that the trustee failed to exhaust his administrative remedies before filing his petition in this Court.

So far as concerns the proceedings before the Arkansas Corporation Commission, the Court is of the opinion that paragraph 5 of the trustee's petition alleges compliance with all of the requirements of Sections 2041, 2047 and 2050 of the Arkansas Statutes (Pope's Digest for 1937).

It is admitted that no appeal was taken from the action of the Corporation Commission to the State Courts, as is permitted by the Statutes of Arkansas. However, the fact that a right of appeal to the State Courts was granted by the Statute does not deprive this Court of jurisdiction to hear and determine the amount and validity of the disputed tax under the express mandate of Section 64, sub. a, of the Bankruptcy Act.

In brief filed by the State in support of its motion to dismiss, counsel contend that the evidence presented before the Special Master does not raise a justiciable issue.

Suffice it now to say that the evidence presented before the Special Master, which the Court is advised was voluminous, is not now before this Court, and, in advance of the Special Master's report as to the facts and his findings of

law thereon, this Court will not undertake to pass thereon.

The Court is of the opinion that the averments of the trustee's petition present a justiciable controversy. As to the sufficiency of the evidence to sustain these averments, no opinion is expressed.

The motion of the State to dismiss trustee's petition herein will be overruled. Appropriate order will be entered.