## In re LASKY.

## In re BURGESS–GLOVER, Inc.
### Nos. 6266, 6298.

District Court, N. D. Alabama, N. E. D.
April 15, 1941.

Thomas S. Lawson, Atty. Gen., of Alabama, and J. Edward Thornton, Asst. Atty. Gen., of Montgomery, Ala., for tax collector and tax assessor.

Griffin & Ford, of Huntsville, Ala., for trustee.

MURPHREE, District Judge.

These two cases involve substantially identical problems of law, for the decision of which one opinion will suffice.

In each of these two cases the trustee in bankruptcy filed with the referee, to whom the cases have been referred, a petition praying that the claim of the Tax Collector of Madison County, Alabama, for ad valorem taxes be reduced on the ground that the assessment of the value of the property taxed was excessive. In each case, on behalf of the tax collector and the tax assessor, a demurrer and motion to strike the petition was filed on the ground that this court is without authority to reduce the claim for ad valorem taxes in the absence of an allegation that the assessment was not made final by the taxing authorities of the State of Alabama. The referee has overruled these demurrers and motions, and from such rulings the tax collector and tax assessor have taken petitions for review. Apparently, the assessments relate solely to personal property, though this is not clear from the record certified.

The three contentions here raised by the petitioners for review in their briefs are substantially as follows: (1) The power to assess and levy taxes remains in the state until delegated to the Federal Government, and such delegation has not occurred. (2) Even if the constitutional power of the Federal Government over bankruptcy constitutes a delegation of the power to adjust taxes, Congress has not exercised that power in the Bankruptcy Act, and in particular Section 64, sub. a(4) of that Act, Title 11, U.S.C.A. § 104, sub. a(4), is not such an exercise of the power. (3) Even if taxes may be adjusted, under the provisions of the said Section 64, sub. a(4), in a case in which a taxing authority is a nonlien creditor, here the taxing authorities are lien creditors, Section 372, Revenue Law 1935, General Acts of Alabama of 1935, page 256, at page 566, and their rights are governed by Section 67 of the Bankruptcy Act, Title 11, U.S.C.A. § 107, under which section no adjustment of a lien debt is possible.

█ █ The first of these contentions is easily satisfied. The Federal Government has been delegated power over state taxes in bankruptcy proceedings by Section 8, Article I, Clause 4, of the Constitution of the United States, which provides that Congress shall have power "to establish * * * uniform Laws on the subject of Bankruptcies throughout the United States." This has been held to be a plenary grant of power over bankruptcy, including power to legislate whatever is deemed useful to an effective bankruptcy system. Matter of Klein, 42 U.S. 277, 1 How. 277, note, 11 L.Ed. 130, note, C.C.Mo. 1843, 14 Fed.Cas. 716, No. 7,865, reversing D.C.1843, 14 Fed. Cas. 719, No. 7,866; United States v. Fox, 1877, 95 U.S. 670, 24 L.Ed. 538; In re Gustav Schaefer Co., 6 Cir., 1939, 103 F.2d 237.

Under this plenary power Congress, through the Bankruptcy Act, may nullify judicial acts of state authorities done with respect to the person or property of a debtor coming within the terms of the Bankruptcy Act. Kalb v. Feuerstein, 1940, 308 U.S. 433, 439, 60 S.Ct. 343, 84 L.Ed. 370, reversing 231 Wis. 185, 285 N.W. 431.

There is nothing to limit the power of Congress over bankruptcy in dealing with state taxes more than there is to limit that power in dealing with any other type of claim. State of New York v. Irving Trust Co., 1933, 288 U.S. 329, 53 S.Ct. 389, 77 L.Ed. 815.

Van Huffel v. Harkelrode, 1931, 284 U.S. 225, 52 S.Ct. 115, 116, 76 L.Ed. 256, 78 A.L.R. 453: "No good reason is suggested why liens for state taxes should be deemed to have been excluded from the scope of this general power to sell free from encumbrances. Section 64 of the Bankruptcy Act (11 U.S.C.A. § 104) grants to the court express authority to determine 'the amount or legality' of any tax. To transfer the lien from the property to the proceeds of its sale is the exercise of a lesser power; and legislation conferring it is obviously constitutional. Realization upon the lien created by the state law must yield to the requirements of bankruptcy administration. Compare International Shoe Co. v. Pinkus, 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318; Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645; Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L. Ed. 1060. In many of the cases in the lower federal courts the order of sale entered was broad enough to authorize a sale free from tax liens as well as from others; and in some of them it appears affirmatively that liens for taxes were treated as discharged by the order. No case has been found in which the power to sell free from the lien of state taxes was denied."

It remains, however, to be determined whether in the exercise of its broad powers over bankruptcy, Congress has exercised its power in such a way as to provide for the diminution or adjustment of state tax claims. The only suggestion of such ex-

ercise, submitted by the parties, is contained in Section 64, sub. a(4) of the Bankruptcy Act, which provides as follows: "a. The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be * * * (4) taxes legally due and owing by the bankrupt to the United States or any State or any subdivision thereof: Provided, That no order shall be made for the payment of a tax assessed against any property of the bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court: And provided further, That, in case any question arises as to the amount or legality of any taxes, such question shall be heard and determined by the court; * * *."

The petitioners for review contend that the first proviso in the quoted statute only means that a tax shall not be paid which is itself larger than the value of the property of the bankruptcy estate against which it is levied, in the present case the tax being less than the value of the property as alleged by the trustee in bankruptcy. We find it unnecessary to decide this question of construction since the question of the power to adjust taxes in the bankruptcy court is more clearly raised by the second proviso in the statutory section quoted.

As to this second proviso, the petitioners for review contend that the power to determine the amount of taxes is granted only where the amount has not already been legally determined by applicable state law. To support this contention, they cite the following cases: In re 168 Adams Bldg. Corp., 7 Cir., 1939, 105 F.2d 704; In re Gould Mfg. Co., D.C.Wis., 1935, 11 F.Supp. 644; In re Schach, D.C.Ill., 1936, 17 F. Supp. 437.

Unquestionably these cases support the contention of the petitioners for review that the bankruptcy court is without authority to revise tax assessments which have been fixed by the state tax authorities. However, there is an impressive line of authority supporting the contrary view. Dickinson v. Riley, 8 Cir., 1936, 86 F.2d 385; Henderson County, N. C., et al. v. Wilkins, 4 Cir., 1930, 43 F.2d 670; In re Lang Body Co., 6 Cir., 1937, 92 F.2d 338, certiorari denied Hipp v. Boyle, 303 U.S. 637, 58 S. Ct. 522, 82 L.Ed. 1097; In re Fuoco, D.C. N.J., 1938, 22 F.Supp. 808; In re General Film Corp., 2 Cir., 1921, 274 F. 903. See, also, City of Detroit, et al. v. Detroit & Canada Tunnel Co., et al., 6 Cir., 1937, 92 F.2d 833.

The weight of these authorities seems to support the view that the bankruptcy court does have the authority to adjust the amount of state taxes despite a final adjudication of the state tax authorities.

In the Matter of Louis Raflowitz, et al., Bankrupts, D.C.Conn., 37 F.Supp. 202, 206, 45 A.B.R.,N.S., 11, Judge Hincks, District Judge, (Feb. 12, 1941) observed:

"I rule that the Bankruptcy Court has full power to examine into the validity and amount of taxes constituting the basis of prior claims in bankruptcy and to withhold the payment of such claims to the extent that it finds that the underlying tax exceeds what is justly due and owing.

"The claimant cites [Matter of] 168 Adams Building Corp., 7 Cir., 105 F.2d 704 [40 A.B.R.,N.S., 754]; In re Gould Mfg. Co., D.C. [Wis.], 11 F.Supp. 644, 29 A.B.R., N.S., 733; and In re Schach, D.C. [Ill.], 17 F.Supp. 437, 32 A.B.R.,N.S., 428. But these cases, in so far as they appear to support the claimant's position, are in conflict with the great weight of authority, especially in this circuit.

"To be sure, most of the cases which sustain the bankruptcy power in this respect are cases in which it was shown that some mistake of fact or of law had crept into the assessments made by the taxing authorities. Thus in New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284 [17 A.B.R. 63], it appeared that the tax under the State law was assessable upon the taxpayer's outstanding capital stock and the State board had made an assessment under a mistaken belief that the amount of such stock was $40,000,000 instead of $10,000,000 as was the fact. * * *

"However, although in most of the cases referred to above (except the few cited by the defendant), the Bankruptcy Court acted only to correct mistakes entering into the assessments, a multitude of other cases make it plain that plenary power is present, at least in liquidation cases (Cf. Springfield v. Hotel Charles, 1 Cir., 84 F.2d 589 [31 A.B. R.,N.S., 604]), even though the facts may not invariably warrant its exercise. Board of Directors of St. Francis Levee District v. Kurn, 8 Cir., 91 F.2d 118 [34 A.B.R., N.S., 523], certiorari denied 302 U.S. 750, 58 S.Ct. 272, 82 L.Ed. 580; Board of Directors of St. Francis Levee District v. Kurn, 8 Cir., 98 F.2d 394 [37 A.B.R.,N.S.,

336]; In re Gustav Schaefer Co., 6 Cir., 103 F.2d 237 [39 A.B.R.,N.S., 617]; Dickinson v. Riley, 8 Cir., 86 F.2d 385 [32 A.B.R., N.S., 279]; In re De Angeles, 10 Cir., 36 F.2d 218 [15 A.B.R.,N.S., 274]; Henderson County v. Wilkins, 4 Cir., 43 F.2d 670 [16 A.B.R.,N.S., 359]; In re Florence Commercial Co., 9 Cir., 19 F.2d 468 [10 A.B.R., N.S., 284]; In re New York O. & W. Ry. Co., D.C.[N.Y.], 25 F.Supp. 709 [39 A.B.R., N.S., 606]; In re Bradley, D.C. [N.Y.], 16 F.2d 301 [9 A.B.R.,N.S., 269].

"And the power to re-examine the assessment is not confined to cases involving state taxes; it extends to federal taxes as well. In re Anderson, 2 Cir., 279 F. 525 [48 A.B.R. 350]; In re General Film Corp., 2 Cir., 274 F. 903 [48 A.B.R. 149]; In re Wiley Co., D.C., 292 F. 900; In re Sheinman, D. C. [Pa.], 14 F.2d 323 [8 A.B.R.,N.S., 623]; In re Geo. F. Redmond, D.C. [Mass.], 17 F.2d 128 [9 A.B.R.,N.S, 245], and In re Williams Oil Corp., D.C. [Ky.], 265 F. 401 [45 A.B.R. 278].

"Nor is the estate in bankruptcy bound by the failure of the bankrupt seasonably to prosecute appeals from the action of the taxing authorities. In re Gustav Schaefer Co., supra; In re Lang Body Co. [6 Cir., 92 F.2d 338, 35 A.B.R.,N.S., 35]; In re E. C. Fisher Corp., supra [D.C., 229 F. 316]."

■ The remaining contention of the petitioners for review is that the State of Alabama and the subordinate taxing units have a lien for taxes, and that their claims are payable under Section 67 of the Bankruptcy Act, Title 11, U.S.C.A. § 107, under which no adjustment of taxes is provided. The lien is said to be established by Section 372 of the Revenue Laws of 1935, General Acts of Alabama of 1935, page 256, at page 566. However, as was stated In re Opinions of the Justices, 1937, 234 Ala. 358, 175 So. 690, 691, 695, with respect to this section: "This provision for a lien, of necessity, is the result only after all statutory requirements of due assessment and adjudication thereon, actually or theoretically, by the reviewing boards have been had, done, or time for review has expired by the operation of law and the county tax levy has been made. Then does the lien become fixed and final. Until this time the lien and its amount is inchoate."

■ There is nothing in the record before this court to show that the statutory requirements necessary to perfect a lien have been complied with; indeed, there is no proof in the record of any lien claim whatsoever. Tax liens, in bankruptcy, must be proved by the taxing authorities; the burden of proof is upon them to show that the requirements for perfecting the lien have been fulfilled; if this burden is not sustained, the tax claim will be treated as a priority claim along with other tax claims. In re Pennsylvania Central Brewing Co., D.C.Pa., 1940, 30 F.Supp. 930.

■ The petitioners for review have not, in the present stage of this case, sustained their burden of proving the liens for which they argue. Until that is done, their claims are properly treated as mere priority claims and so subject to adjustment by the bankruptcy court.

Upon this view of these cases, the question whether the bankruptcy court may adjust the amount of a tax lien is not presented. Yet, in order not to postpone the decision of an important question that will inevitably arise in this district and, possibly, in this case, we wish to state our views on this matter.

■ It is doubtless true, as argued by the Attorney General, that the Bankruptcy Act creates its own priorities for the payment of the claims of creditors under Section 64. This section was not intended to affect valid liens. It has been universally accepted that the Bankruptcy Act contemplates that exemptions and liens be governed by the laws of the several states. Section 64 deals with priorities; Section 67 with liens. Priority rights are not effective until the interests of lien claimants have been satisfied. Liens must be paid first, since the trustee's interest is subject to valid liens and the bankruptcy estate consists usually of the equity or interest of the bankrupt in the estate subject to its valid liens. This has been the subject of discussion in many cases and is well understood.

In re Pennsylvania Central Brewing Co., D.C., 30 F.Supp. 930, page 932: "Section 67, Sub. c, does justify the conclusion that 'taxes' as used in section 64, sub. a, was not meant to include tax liens. The result is, that under the present Bankruptcy Act, tax liens on real property, perfected as valid statutory liens in accordance with state law, are entitled to. payment in full, ahead of the priorities set out in section 64, sub. a, out of the proceeds of sale of the property against which the taxes are liens, diminished only by the actual expenses of preserving the property on which the taxes are liens, and by the administrative expenses

directly applicable to the sale of such real property."

This rule is modified by the Chandler Act as to liens on personal property not reduced to possession or enforced by sale prior to the bankruptcy. Section 67, sub. c of the Chandler Act.

However, there is no postponement or subordinating of valid ad valorem tax liens on real property. In re Pennsylvania Central Brewing Co., D.C., 30 F.Supp. 930, supra.

■■■ Therefore, when claims for tax liens have been properly filed, as now required by the Chandler Act, Section 57, 11 U.S.C.A. § 93, and have been proven and allowed, they must be paid first out of the funds derived from the sale of the property upon which they were a lien, diminished only by the actual expenses of preserving the property and the administrative expenses applicable to the sale of such real property. Therefore, the bankruptcy court must recognize valid tax liens and provide for their payment. In re Tresslar, D.C., Ala., 1927, 20 F.2d 663.

But section 64, sub. a(4), puts the burden on the bankruptcy court: (1) Not to make an order "for the payment of a tax assessed * * * in excess of the value of the interest of the bankrupt estate" therein as determined by the court, and (2) where any question arises as to the amount or legality of any taxes, to hear and determine such question.

■■■ What effect do these injunctions on the bankruptcy court have as to claims which have the character of a tax, but are also secured by liens? Taken literally, at their face value, these words mean that the bankruptcy court is bound to see that no claims for taxes assessed on a valuation in excess of the value of the interest of the bankrupt estate is paid and that the court must hear and determine all questions as to the amount and legality of such taxes. This duty is enjoined and imposed on the court only as to tax claims. If a claim has the character of a tax, the injunction is effective. The court must observe these rules and the expressed duties.

Where such claims have the character of such a tax defined by Section 64, and are also secured by liens, it has been held that the duty and the jurisdiction imposed on the bankruptcy court likewise take effect.

In re Florence Commercial Company, 9 Cir., 1927, 19 F.2d 468, 470, it is noted:

"Nor are we inclined to the narrow view that, while there may be jurisdiction to determine the amount of the tax, it does not extend to the incidental matter of the tax lien. The bankruptcy court is to see to it that the estate fully discharges all legal obligations in respect of taxes; and accordingly it is invested with power to decide all questions incidental to the performance of that duty."

In re White Star Refining Co. (State of Texas v. Porter), 5 Cir., 1934, 74 F.2d 269, 271, it was said: "But it is urged that a tax with its lien is not within this rule, and that exclusive jurisdiction over the settlement of tax claims is vested in courts of bankruptcy by section 64a of the Bankruptcy Act, as amended 11 U.S.C.A. § 104(a). We do not doubt that the court of bankruptcy may inquire into the amount and legality of any tax which is to be paid by it and that such liens as are claimed to accompany the tax are included in the inquiry. Van Huffel v. Harkelrode, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256, 78 A.L.R. 453; Truman, County Treas., v. Thalheimer [9 Cir.], 19 F.2d 468."

New Jersey v. Anderson, 1906, 203 U.S. 483, 27 S.Ct. 137, 141, 51 L.Ed. 284: "But we do not think the finding of the state board is conclusive. The tax is to be assessed upon capital stock actually outstanding. It may well be doubted whether the board had power to tax any other stock. But be that as it may, § 64a specifically provides that in case any question arises as to the amount or legality of taxes, the same shall be heard and determined by the court, with a view to ascertaining the amount really due. We do not think it was the intention of Congress to conclude the bankruptcy courts by the findings of boards of this character, and that the claim should have been upon the basis of the capital stock actually outstanding."

In the Matter of Missouri Pacific Railroad Company, Debtor, D.C., 1940, 33 F. Supp. 728, 730, 43 A.B.R.,N.S., 141:

"In brief filed by the State in connection with its motion to dismiss effort is made to escape the force of the Court of Appeals decision in this St. Francis Levee District case upon the ground that the claims of the Levee District, involved in that case, were not 'taxes'. It will be observed, however, that throughout its opinion in that case the Court of Appeals referred to these claims as 'taxes' and 'tax liens'. And the Statute of Arkansas (sec. 4465, Pope's Di-

gest of Arkansas Statutes for 1937), which authorizes the assessments against property in the district for the construction of levees, refers to these assessments as taxes.

"It is true that in the present case there are not found the 'numerous suits' to which the Court of Appeals refers in the St. Francis Levee District case as pending upon the levee taxes there involved. However, in the present case there exist tax liens upon the trustee's property in some 51 counties in the State of Arkansas, based upon the assessment made by the Corporation Commission. This Court must ultimately pass upon the validity of those liens and is expressly directed by Section 64, sub. a, to order the payment of all taxes legally due. And the same section commits to the Bankruptcy Court the jurisdiction to hear and determine the validity of any tax asserted against the bankrupt estate which may be in dispute.

"Section 64, sub. a, in substantially the same form as same existed previously, was re-enacted by Congress in 1938, 52 Stat. page 874, 11 U.S.C.A. § 104, sub. a, in the amendment of the original Act, presumably with full knowledge of numerous court decisions, previously handed down, holding that the Bankruptcy Court shall hear and determine the amount and validity of a disputed tax. This re-enactment of the Bankruptcy Act, with certain amendments not here material, was subsequent to the amendment of Section 24 of the Judicial Code by the Act of August 21, 1937, and it is not to be presumed that Congress would direct the Bankruptcy Courts to do what they were prohibited from doing in a previous Act."

Board of Directors of St. Francis Levee Dist. v. Kurn, et al., 8 Cir., 1938, 98 F.2d 394, 396: "Upon the former appeal taken to this court by the trustees of the railway company, we carefully considered the question whether the Board's suits in the state courts concerning the levee taxes assessed against the railway properties could be construed under the statutes and decisions of the Supreme Court of Arkansas to be suits in personam against the trustees rather than suits in rem against the property of the debtor railroad. We were of the opinion that there was 'no merit in the contention that the six suits should be deemed to be suits in personam.' We quoted from Van Huffel v. Harkelrode, 284 U.S. 225, 52 S. Ct. 115, 76 L.Ed. 256, 78 A.L.R. 453, 'Realization upon the lien created by the state law must yield to the requirements of bankruptcy administration,' and announced our holding that 'The question of the amount and validity of the levee tax lien must be submitted to the bankruptcy court and settled by it. Ex parte Baldwin, 291 U. S. 610 (54 S.Ct. 551, 78 L.Ed. 1020); In re Tyler, 149 U.S. 164 (13 S.Ct. 785, 37 L.Ed. 689).' 91 F.2d 118, 119, 120. We find no subsequent decisions of the Arkansas Supreme Court or of the Supreme Court of the United States to modify our conclusions, nor are any cited to us by counsel."

■ The presumption is that the assessment is correct.

In re Lang Body Co., 6 Cir., 1937, 92 F. 2d 338, 340, the court said:

"The taxpayer's contention, is sustained by the proof, is sound both in law and equity [Great Northern Ry. Co. v. Weeks, 297 U.S. 135, 139, 56 S.Ct. 426, 428, 80 L. Ed. 532; Dickinson v. Riley, 86 F.(2d) 385, 387 (C.C.A. 8)] and the court certainly had jurisdiction by virtue of section 64a of the Bankruptcy Act as amended 11 U.S.C.A. § 104(a). We find, therefore, no occasion to discuss the jurisdiction of the court generally under this section. The simple question is, whether the assessments were so unreasonably excessive as to be illegal. * * *

"We are not called upon by the pleadings or by a most liberal construction of section 64a, Bankr.Act as amended 11 U.S.C.A. § 104(a), to review the valuations fixed by the assessor solely upon the ground that appellee trustee feels that they are higher than they should have been. As pointed out above, the state has established a comprehensive procedure for protecting the taxpayer from such contingency. The auditor was the state's officer, selected no doubt with full reliance upon his sound judgment, integrity, and peculiar capacity for the performance of his duties. The law presumes that he discharged his duty, and it is conceded that the assessments made by him are prima facie correct and that the burden of showing that they transgressed all reasonable limits, in derogation of the trustee's rights in the property, was upon appellee. Great Northern Ry. Co. v. Weeks, supra, 297 U.S. 135, at page 139, 56 S.Ct. 426, 428, 80 L.Ed. 532; Louisville & Nashville R. R. Co. v. Greene, 244 U.S. 522, 537, 37 S.Ct. 683, 61 L.Ed. 1291, Ann.Cas.1917E, 97."

■ It is, therefore, the opinion of the court that section 64, sub. a(4), establishes

a policy and duty on the court in dealing with the liquidation of insolvent estates, to examine assessments for taxes made by state authorities for the purpose only of insuring that no excessive assessment over the real and fair value of the interest of the bankrupt estate in the property be allowed. If it must do this, clearly the bankruptcy court is not bound by an assessment by authorities where its action falls short of the judicial determination of a court. There is then one exception to the rule that liens are determined wholly by the state law.

The bankruptcy court must give full faith and credit to all state laws in determining the validity and legality of the tax, but in determining the amount it must obey the injunction of Section 64, sub. a(4), not to pay a claim for taxes based on an assessment over the "value of the interest of the bankrupt estate" in the property, and must hear and determine any question raised as to the amount and legality of any tax.

Orders denying the petitions for review will be entered.