## In re DE ANGELES.

## CARBON COUNTY, UTAH, v. LEE.

Circuit Court of Appeals, Tenth Circuit.
October 30, 1929.

No. 27.

O. K. Clay, of Price, Utah, for appellant.

L. A. McGee, of Price, Utah, for appellee.

Before LEWIS, COTTERAL and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge. This is an appeal from an order of the District Court for the District of Utah dismissing a petition for review of an order of the referee in bankruptcy in the bankruptcy proceeding of John De Angeles on the ground that the petition was not filed within a reasonable time.

The facts are as follows: On July 31, 1926, the treasurer of Carbon county, Utah, filed, with the referee in bankruptcy, an unverified statement of taxes due from the bankrupt to Carbon county for the years 1922 to 1925, inclusive. On July 31, 1926, the referee referred such tax statement to the trustee in bankruptcy with the request that he investigate and report to the referee whether such tax claims should be allowed and paid. On August 6, 1926, the trustee filed a report with the referee in bankruptcy in which he stated that, in his opinion, the county had no claim for such taxes against the assets of the bankrupt estate. On September 2, 1926, the referee in bankruptcy sent notices to the creditors of the bankrupt, including the treasurer of Carbon county, in which he stated that a creditors' meeting would be held on September 27, 1926, at the office of the referee in bankruptcy in Salt Lake City, Utah, in the matter of John De Angeles, bankrupt. The notice stated that "taxes claimed by Carbon county" would be one of the matters which would be considered at such meeting. On September 27, 1926, the referee made and entered an order disallowing the claim for taxes of Carbon county. Carbon county was not represented at such meeting. On March 24, 1928, Carbon county filed a petition to review the order of the referee disallowing its claim for taxes. The petition set up that Carbon county was not represented at the creditors' meeting held on September 27, 1926, and was not advised of the disallowance of its claim for taxes until March 20, 1928.

It is the duty of the trustee to search for taxes and pay those which are legal. Bankruptcy Act, § 64a (Title 11, § 104(a), U. S. Code, 11 USCA § 104(a). Consequently, claims for taxes need not be verified and no formal proof of claim is required. Stanard v. Dayton (C. C. A. 8) 220 F. 441; Remington on Bankruptcy, vol. 6, § 2808. The referee has authority, however, to examine tax claims and to pass upon their validity and amount. Bankruptcy Act, § 64a; New Jersey v. Anderson, 203 U. S. 483, 491, 492, 27 S. Ct. 137, 51 L. Ed. 284; Remington on Bankruptcy, vol. 6, § 2804. Hence, the notice of September 2, 1926, that the referee proposed to consider taxes claimed by Carbon county was notice to the county that the referee proposed, under section 64a, to inquire into the validity and amount of the taxes claimed. It is true that the county alleged it had no notice of any objections to its claim for taxes. It may have been entitled to reasonable notice of the objections urged, prior to the hearing, but the failure to serve notice of such objections was no excuse for Carbon county's failure to appear at the hearing. Its failure to ascertain the result of the hearing on its tax claim was due to its own neglect and affords no ground for its delay, for a period of more than fifteen months, to take any steps to secure a review of the referee's decision.

We conclude the trial court rightfully held that the petition for review was not filed within a reasonable time and properly dismissed it.

Affirmed.